**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) GATEWAY MORTGAGE GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-cv-278-JED-FHM |
| (1) VINSON MORTGAGE SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiff, Gateway Mortgage Group, LLC, for its Complaint against the Defendant, Vinson Mortgage Services, Inc., alleges as follows:

**I.  PARTIES**

1. Plaintiff, Gateway Mortgage Group, LLC, is an Oklahoma limited liability company with its principal place of business at 6910 East 14th St., Tulsa, OK 74112.

2. Defendant, Vinson Mortgage Services, Inc., is a Missouri corporation with its principal place of business at 12801 Flushing Meadows Dr., Suite 100, St. Louis, MO 63131.

**II.  JURISDICTION AND VENUE**

3. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant because it has engaged in acts or omissions within Oklahoma causing injury to Plaintiff.

1

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to this action occurred in this District.

6. Moreover, pursuant to the applicable loan documents, discussed below, the Defendant consented to the jurisdiction of any court of competent jurisdiction in Tulsa, Oklahoma and thereby waived any objection based on improper venue or *forum non conveniens*. In *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972), the U.S. Supreme Court held that contractual forum selection clauses are *prima facie* valid and enforceable unless they are unreasonable under the circumstances.

### III. GENERAL ALLEGATIONS

7. The Defendant is engaged in the business of originating loans secured by first and second mortgages or deeds of trust on family residential dwellings and, from time to time, sells the loans, including the servicing rights thereto, to the Plaintiff pursuant to the terms of the Correspondent Loan Purchase and Sale Agreement (hereinafter "Agreement").

8. One loan purchased by the Plaintiff from the Defendant which is the subject of this lawsuit is Loan Number 4175149; Borrower Joseph Thornton; Property 1615 Clover Lane, Florissant, MO 63031 (hereinafter "Thornton loan").

9. Section 6 of the Agreement, "Client's Loan Representations and Warranties," states in subsection (d), that "Each Conventional Loan sold by the Client to Buyer's as a Loan eligible for sale or securitization with FNMA…(the "Agencies)….conforms to all warranties, representations, requirements and guidelines of

FNMA…The Client knows of no defect in the Loan that would diminish or impair the eligibility of the Loan for sale to or securitization by the Agencies."

10. Fannie Mae notified Gateway on 07/27/2015 that "The origination appraisal did not adequately support the value stated and consequently does not allow us to confirm eligibility with respect to mortgage insurance and/or the maximum loan-to-value ratio for the loan." Fannie Mae reaffirmed its repurchase/make whole request on 11/10/2015. A letter to NexBank dated 02/02/2016 gave further findings to support an unacceptable appraisal.

11. Section 7 of the Agreement, "Loan Repurchase," states in subsection (a),"In addition to any other remedies to which Buyer may be entitled, Client agrees to repurchase any Loan upon demand in the following circumstances:….(iv)…Buyer is obligated to repurchase the Loan from…FNMA…to whom Buyer has sold the Loan, and the basis for such ineligibility determination or obligation to repurchase is due to a failure of the Loan to comply with the requirements in the Contract Documents which were in effect for the related Commitment."  Subsection (d) states, "The Client shall repurchase the Loan no later than thirty (30) business days after the receipt by Client of a written demand to repurchase."

12. The Plaintiff made demand upon Defendant by letter dated December 21, 2015, for repayment in full of the Thornton loan by January 31, 2016. No payment was forthcoming. Instead, the Defendant attempted unsuccessfully to negotiate settlement of the loan dispute. Demand was made again by letter dated May 10, 2016, with a deadline of seven days. No response was forthcoming.

## IV.   FIRST CLAIM FOR RELIEF

### Breach of Warranty

13.   The Defendant breached the Agreement by falsely warranting that the Thornton loan was eligible for sale to Fannie Mae (FNMA).

## V.   SECOND CLAIM FOR RELIEF

### Specific Performance

14.   The Defendant breached the Agreement by failing to repurchase the Thornton loan when Plaintiff was forced to repurchase the loan from Fannie Mae.

15.   The Defendant should be required to specifically perform its obligations under the contract and repurchase the loan from the Plaintiff.

## VI.   THIRD CLAIM FOR RELIEF

### Attorney Fees

16.   Pursuant to Section 12 of the Agreement, the prevailing party obtaining final judgment, including appeals, shall be entitled to received from the non-prevailing party reasonable attorney's fees incurred by reason of an action brought to enforce the provisions of the Agreement and all costs of suit and preparation thereof.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that judgment be entered against Defendant and that Plaintiff be awarded:

(A) Such damages as are deemed to be just and proper, including the payoff on the Thornton loan in the total amount of $75,443.10, plus interest.

(B) Plaintiff's costs of this action;

(C) Plaintiff's reasonable attorneys' fees.

(D) Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

(E) Such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          /s/ Tom J. Sullivent_____
          Tom J. Sullivent, OBA #17147
          Sid Martin, OBA #10892
          1800 So. Baltimore, Suite 1050
          Tulsa, Oklahoma 74119
          Telephone:   918-295-8300
          Facsimile:    918-295-8302
          tom@sulliventlawfirm.com
          sid@sulliventlawfirm.com
          ***Attorneys for Plaintiff***

**ATTORNEY LIEN CLAIMED**